**Ira D. HALL, d/b/a Hall Fidelity Company, Appellant,**

**v.**

**STATE of Oklahoma, ex rel. OKLAHOMA REAL ESTATE COMMISSION, Appellee.**

**No. 52421.**

Court of Appeals of Oklahoma, Division No. 2.

Aug. 26, 1980.

Rehearing Denied Sept. 19, 1980.

Certiorari Denied Nov. 3, 1980.

Released for Publication by Order of Court of Appeals Nov. 6, 1980.

Robert H. Alexander, Jr., Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, for appellant.

Philip Holmes, Oklahoma City, for appellee.

BRIGHTMIRE, Presiding Judge.

Did the district court judge err in affirming the order of the Oklahoma Real Estate Commission revoking the real estate broker's license of Ira D. Hall, d/b/a Hall Fidelity Company? We hold he did not and affirm his judgment.

I

The operative facts are not in significant dispute. On April 1, 1976, Edith McCormick responded to an ad placed in the paper by Hall offering for sale a house located at 1309 Northeast 15th Street, in Oklahoma City. Hall took her out to see it on April 3, and, at that time, McCormick gave Hall $600 cash for which a receipt was given reciting "deposit on 1309 N.E. 15th for $950 balance $350." Hall said he was too busy to prepare a contract at that time but he would do so later and get it to McCormick. That was Friday night. The next evening Hall brought McCormick a contract unsigned by the seller. McCormick said she wanted her lawyer to look at it, so the agent left. The following Wednesday morning McCormick told Hall she decided she did not want the property and asked him to return her money. "[H]e [Hall] hemhawed around," she said, "and [asked me] to name ... three specific reasons why he should give me my money back." She told him she had not signed the contract. To Hall that was of no concern, however, because he refused to return the money—and, for that matter, still had not done so by the time the Commission hearing was held July 8, 1976.

Hall's reason for not returning the money consisted merely of equivocal doubletalk. Said he to the Commission: "Now, here is why I never did return the money .... She would come to the office with her daughter and, well, I wanted to talk to find out the truth about these things [apparently McCormick's reasons for not wanting to

buy the property]. Well, she refused to talk then ... so, [that's] the reason I am out here today."

Later Hall testified that another one of the reasons he had not returned the money was because McCormick had not returned "my contract." Yet, at another point he said the main reason was that "the things that she has told wasn't the truth. I want to talk to her about those [unspecified] things because, legally speaking, I shouldn't have taken that $600.00 without her signing the contract.... And, I am going to put the $600.00 in the mail and mail it to her. I had objected to that, I don't object to giving her her money."

But apparently Hall did not mail the money to McCormick. Instead he appealed the revocation order to the district court where on December 22, 1976, judgment was entered vacating the Commission's order and suspending Hall's real estate license for one year contingent upon his successful completion of 30 hours of advanced real estate instruction. Hall was also directed to refund the $600 within 10 days. Compliance with the educational requirement was never shown, nor does it appear in the record that he has ever repaid the $600. Consequently, the court reinstated the original revocation order precipitating this appeal.

II

The sole contention advanced by Hall in his brief is that the Commission's order is unreviewable and should be vacated because it did not include "a concise and explicit statement of the underlying facts supporting the findings," contrary to the requirements of 75 O.S. 1971 § 312. More particularly, the argument is that: (1) merely finding that Hall violated paragraphs 6 and 8 of 59 O.S.1979 Supp. § 858–312[1] is not specific enough to enable

---

1. Section 858–312 reads in relevant part:
   "The Commission may ... investigate the business transactions of any real estate broker ... and ... may suspend or revoke the license ... upon the showing that ... licensee ... is guilty of:

(6) Failing, within a reasonable time, to account for or to remit any moneys ... coming into his possession which belong to others.
   ....

the courts to judicially review the decision;[2] (2) "[s]ome of the Commission's findings of fact are refuted by the record evidence"; and (3) "the hearing and order were not confined to the points at issue."

The Commission's order, while in form falls far short of being a paradigm, is sufficient in substance to enable us, "by reading the order, [to] decide whether the findings have any substantial support in the evidence"—a guideline mentioned in *State ex rel. Okla. State Bd. of Embalmers and Funeral Directors v. Guardian Funeral Home*, Okl., 429 P.2d 732 (1967). Here, the order recites the relevant evidence in some detail although in form it should have been stated in terms of findings.

Then there is another significant aspect of this case that distinguishes it from others dealing with the issue—the essential facts of Hall's guilt are admitted. He acknowledged on July 8, 1976, he had $600 which belonged to another person and had, without just cause, refused to return it when demands were made three and one half months earlier—a violation of paragraph 6. This defalcation the order shows on its face. Such conduct compelled the Commission to "suspend or revoke" Hall's license. It chose to revoke the privilege and we cannot say it exceeded its statutory authority.

While the Commission may have unnecessarily found Hall guilty of improper conduct in his dealings with McCormick—a violation of paragraph 8—the infirmity, if one it is, is not a fatal one. Certainly whatever his excuse for not returning the money before the court directed him to do so, his refusal to comply since then provides a foundation for finding that he is guilty of "untrustworthy," "improper," "fraudulent" and "dishonest" dealing. This recalcitrance not only exposes him to a charge of indirect contempt of court, but it also encourages the inference that hall had no intentions of ever returning the money regardless of whether McCormick signed a purchase contract or not—a species of fraud.

And though, as we said, the Commission's order leaves a lot to be desired, Hall did not request that the findings be made in a different form, nor did he submit any proposed findings as provided in 75 O.S.1971 § 312.

The other points raised, concerning "refuted" evidence and the reception of evidence immaterial to the charge filed against Hall, are without merit.

We hold the trial court's final order is free from error and it is affirmed.

BACON and NEPTUNE, JJ., concur.

---

(8) Any other conduct which constitutes untrustworthy or improper, fraudulent or dishonest dealings."

**2.** After summarizing the evidence received, the Commission order reads:

"From the evidence the Real Estate Commission finds that the defendant, Ira D. Hall, is guilty of violating Title 59, Oklahoma Statutes, Section 858–312, paragraphs number 6 and 8. The Commission further finds that the real estate broker license of defendant should be revoked."